■ In the Matter of PAUL HARDING, Appellant, v KATHERINE WELLS et al., Respondents-Respondents, and JOSEPH J. PREVITE et al., Constituting the

Board of Elections of the City of New York, Respondents.—In a proceeding to validate petitions designating Paul Harding as a candidate in the election to be held on May 3, 1977 for the public position of Member of the New York City Community School Board, District 23, the appeal is from a judgment of the Supreme Court, Kings County, dated April 7, 1977, which, after a hearing, (1) denied the application and (2) directed the board of elections to remove petitioner's name from the appropriate ballot. Judgment affirmed, without costs or disbursements. Petitioner-appellant contends that he was denied procedural due process when the matter was returned to the board of elections for a determination as to the validity of 26 disputed signatures. He claims that he was not given notice of the board's review and was not afforded the right of representation, in direct contrast to the objectors, who allegedly were afforded such rights. Undoubtedly, had petitioner established his claim that he was denied his due process rights, he would have been entitled to some relief; however, the record of the instant proceeding belies the contention. Upon the record, it appears that, after the determination by the board of elections was made, the results were given to the petitioner to allow him an opportunity to return to the community and secure additional signatures. This fact clearly implies that petitioner and his counsel were aware of the actions of the board and yet failed and neglected to protest the procedure until *after* Special Term's hearing. Indeed, counsel for petitioner stood *silent* when, at the hearing to confirm the referee's report to strike the petition, the Special Referee stated, on *two* separate occasions, that opposing counsel knew of the actions of the board and that "these figures were all conceded by the attorneys at the time of the hearing." Under such circumstances, petitioner has failed to establish a lack of notice and, hence, a denial of his procedural due process rights. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.